CENTER FOR JUSTICE                    HONORABLE FRED VAN SICKLE
BREEAN BEGGS
35 West Main, Ste. 300
Spokane, WA 99201
(509) 835-5211
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

SHAWN HUSS, a single man, and      )
others similarly situated,          )    Case No.: CV-05-180-FVS
                                    )
                                    )
            Plaintiffs,             )    PLAINTIFF'S MEMORANDUM OF
                                    )    AUTHORITIES IN SUPPORT OF
      vs.                           )    MOTION FOR PARTIAL SUMMARY
                                    )    JUDGMENT
SPOKANE COUNTY, a municipal         )
corporation,                        )    CLASS ACTION CERTIFICATION
                                    )    PENDING
            Defendant.              )
                                    )
_____    )

## I.    INTRODUCTION

COMES NOW the Plaintiff, Shawn Huss, on his own behalf and on behalf

of the class of similarly situated individuals from whom an intake fee was seized

by Spokane County without due process of law. Plaintiff requests that this Court

find that Spokane County's official booking fee policy and RCW 70.48.390 are

facially unconstitutional in that they unlawfully allow Spokane County to deprive

persons of their property without due process of law in violation of their rights

under the Fifth and Fourteenth Amendments of the U.S. Constitution.  Plaintiff has

filed a motion to certify the class which is pending before this Court.

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

1

## II.    FACTS

2

On or about May 14, 1999 the Washington legislature passed RCW

3

70.48.390, amending RCW 70.48, which authorized city, county, and regional jails

4

to take a $10.00 booking fee from the person of each individual booked.  (SHB

5

1143 (1999)) .  See Ex. A, attached to the Dec. of Breean Beggs in Support, filed

6

herewith.  On or about May 7, 2003, the 58th legislature of Washington amended

7

RCW 70.48.390 to allow jails to increase the booking fee to their actual booking

8

cost or $100.00, whichever is less. (SHB 1232 (2003)). RCW 70.48.390.  Id.  The

9

statute authorizes the fee to be taken "immediately from any money then possessed

10

by the person being booked."  RCW 70.48.390.  The statute does not provide any

11

provision for either a pre-or-post deprivation hearing before the money is taken.

12

Id.  On or about November 19, 2003, Lt. Edee Hunt and Tim O'Brien, the Deputy

13

Prosecuting Attorney, sent a memorandum to the Spokane Board of County

14

Commissioners regarding the collection of booking fees.  Id.  On or about February

15

24, 2004, the Spokane County Board of Commissioners passed resolution 04-0160

16

which authorizes the Spokane County Jail to develop and implement a procedure

17

to collect a booking fee from persons booked in the Spokane County Jail in

18

accordance with RC. 70.48.390. Id.

19

Pursuant to Spokane County Resolution 04-0160, the Spokane County Jail

20

adopted an official policy authorizing the collection of an intake fee.  Inmates are

21

22

23

24

25

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

charged the actual jail booking cost, calculated at $89.12 as of August 2004.  <u>See</u> <u>Ex. A and B</u>, Dec. of Beggs.  The official policy allows fees to be taken directly from the person of the inmate at the time of booking.  If the person does not have adequate fees on his or her person at the time of booking, a charge is assessed to the person's account.  Spokane's policy does not provide for a pre-deprivation hearing or any other opportunity for the inmate to contest the seizure of his/her money.  Nor does Spokane County have any policy in place to determine whether the funds are exempt public benefits or the property of a third party.  <u>Id</u>.  Spokane adopted a reimbursement policy that places the burden on the inmate to prove that the charges were dropped or that he was acquitted in order to redeem his funds.  Specifically, the policy states "…*it is your responsibility to provide the proof from the Courts that your charges have been dismissed or you have been acquitted*" and that only upon an investigation by the Spokane County Jail Staff *may* the individual receive his/her funds back. (emphasis added).  <u>See</u> <u>Ex. C</u>, Dec. of Beggs.  Prior to enacting its booking fee, Spokane County contacted at least five other Washington counties to research how they implemented RCW 70.48.390.  <u>See</u> <u>Ex. D</u>, Dec. of Beggs.  At least one county chose not to implement a booking fee because of potential constitutional conflicts; several other counties that had enacted booking fee policies were clearly illegal because they did not return the money if the person was not convicted.  <u>Id</u>.  The official booking fee policy

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

number 2.00.00, as described above, was implemented on May 5, 2004.  See Ex. B, Dec. of Beggs.  On or about October 31, 2004, Plaintiff Shawn Huss was arrested based on a frivolous domestic violence complaint.  See Exhibit A, attached to the Declaration of Shawn Huss in Support, filed herewith.  He was taken to the Spokane County Jail.  Upon being booked, his wallet was seized as personal property that would be returned to him upon release.  Unbeknownst to Mr. Huss, Spokane County seized $37.00 from Mr. Huss's wallet for the County's use and benefit.  This was all of the money in Mr. Huss' wallet and all that he had to provide for himself and his family until his next pay check.  At the time of the property seizure, Spokane County did not inform Mr. Huss that it was charging him a booking fee, that the statute mandated return of the fee upon dismissal of charges, or the process for obtaining a refund.   Mr. Huss was released from the Spokane County Jail the next day, and all charges were dropped.  Upon release, his funds were not returned to him, nor was he provided with Spokane County Jail's Reimbursement Form or any other means to get his funds back.  Mr. Huss lives on a limited income and was dependant on the $37.00 to feed and provide for his family until his next pay check.  Id.  Pursuant to Spokane County's reimbursement policy, Mr. Huss must waive his rights to any due process in order to redeem his money.  See Ex. C, Dec. of Beggs.  Spokane County refunded Mr. Huss's money only after receiving notice that Mr. Huss intended to initiate this action.  To

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

date, Defendant has not refunded the interest on Mr. Huss seized money or compensated him for the deprivation of his constitutional rights.

Upon belief, since May 5, 2004, Spokane County has seized hundreds of thousands of dollars from thousands of inmates at the Spokane County Jail under the same procedures used with Mr. Huss, including failure to provide an adequate pre-deprivation hearing.

### III.    ANALYSIS

Summary judgment is proper if the movant demonstrates that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While the party moving for summary judgment has the initial burden to show the absence of a genuine issue concerning any material fact, once that party's burden is met, the burden shifts to the non-moving party to establish existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Even in the light most favorable to the Defendant, there are no material facts in dispute and because reasonable minds can only reach one conclusion, the Plaintiff is entitled to a finding of liability under 42 U.S.C. § 1983, against the Defendant for illegally seizing his property without due process of law in violation of his constitutionally protected rights.

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

## A. SPOKANE COUNTY'S OFFICIAL BOOKING FEE POLICY AND RCW 70.48.390 ARE FACIALLY UNCONSTITUTIONAL AND MUST BE STRUCK DOWN.

The Defendant's official booking fee policy, enacted pursuant to Spokane County Resolution 04-0160 as authorized by RCW. 70.48.390, is facially unconstitutional in that it allows Spokane County to deprive the Plaintiff, and others similarly situated, of their property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and constitutes an unlawful taking in violation of the Fifth Amendment.

A statute may be found to be unconstitutional on its face or unconstitutional as applied. City of Redmond v. Moore, 151 Wash.2d 664, 668-69, 91 P.3d 875, 878 (2004). A statute is rendered facially unconstitutional if it cannot be constitutionally applied under any circumstance. Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n, 141 Wash.2d 245, 282, 4 P.3d 808 (2000). A statute which is found to be facially unconstitutional is rendered totally inoperative. In re Det. of Turay, 139 Wash.2d 379, 417, 986 P.2d 790 (1999). The general rule is that if a portion of a statute is found to be invalid, the entire statute will be struck down unless the invalid portion is severable and it can be reasonably believed that the legislature would have passed the one without the other, or unless the elimination of the invalid part would render the remainder of the act incapable of accomplishing the legislative purpose. State ex rel. Distilled Spirits Institute,

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

Inc. v. Kinnear, 80 Wash.2d 175, 176-177, 492 P.2d 1012, 1013 (1972) (citations omitted).

The power of the legislature to enact all reasonable laws is plenary except where it is prohibited, either expressly or by inference, by the state or federal constitution; this power extends not only to scope of laws enacted, but also to procedural means incident to their enactment. Kinnear, 80 Wash.2d at 183, 492 P.2d at 1016; see also Public Utility Dist. No. 1 of Snohomish County v. Taxpayers and Ratepayers of Snohomish County, 78 Wash.2d 724, 728-29, 479 P.2d 61 (1978) ("[the] state constitution is not a grant of, but limit on, the legislature's law-making power;" and courts may find restriction on legislative authority where it is expressly or fairly implied in wording of the federal or state constitution).

Spokane County's booking fee policy and RCW 70.48.390 are facially unconstitutional in that they deprive individuals of their property without due process of law and constitute an unlawful taking under the Fifth Amendment of the United States Constitution.  The statute is wholly unconstitutional on its face because the taking of property from any person without a hearing is per se unconstitutional.  Without the ability to take money from a person without a hearing, the statute's entire purpose is frustrated.  Because Washington courts do not allow an otherwise unconstitutional statute to be saved by reading

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

constitutional requirements into it that are not there, Spokane's booking fee policy

and RCW 70.48.390 are constitutionally deficient and must be struck down in their

entirety.  See Olympic Forest Products v. Chausse Corp., 82 Wash. 2d 418, 434,

511 P.2d 1002 (1973).

## B. THE STATUTE VIOLATES MR. HUSS'S RIGHTS PROTECTED BY THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.

Due process issues arise when a person is deprived of life, liberty, or

property without due process of law.  U.S. CONST. amend. XIV.   Due process

questions are examined in two steps: first, whether a liberty or property interest

exists and has been interfered with by the state, and second, whether the

procedures attendant upon that deprivation were constitutionally sufficient.

Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct.

1904, 1909, 104 L.Ed.2d 506 (1989).  The "fundamental requirement of due

process is the opportunity to be heard 'at a meaningful time and in a meaningful

manner.'"  Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18

(1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14

L.Ed.2d 62 (1965)).  Matthews established a three-part test for evaluating whether

procedural safeguards are sufficient by taking into account the following factors:

> First, the private interest that will be affected by the official action;
> second, the risk of an erroneous deprivation of such interest through
> the procedures used, and the probable value, if any, of additional or
> substitute procedural safeguards; and finally, the Government's
> interest, including the function involved and the fiscal and

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 8

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

administrative burdens that the additional or substitute procedural requirement would entail.

Redmond, 151 Wash.2d at 669, 91 P.3d at 669 (quoting Matthews, 424 U.S. at 335).

It is well established that, absent exigent circumstances, both real and personal property may not be seized without due process of law.  In Redmond, the Washington Supreme Court held that laws which deprived persons of their driver's licenses without a hearing were invalid under Matthews in that they deprived persons of a private interest without due process of law.  Redmond, 151 Wash.2d at 677, 91 P.3d at 882.  The Court mandated a pre-deprivation hearing even though the vast majority of suspensions were deemed to be appropriate.

In Tri-State Development, LTD. v. Johnston, 160 F.3d 528 (9th Cir. 1998), the Ninth Circuit held that RCW 6.25.070, which allowed for a pre-judgment writ of attachment to real property without prior notice or a hearing, was facially unconstitutional in that it violated due process.  Even though the statute provided prompt notice of the seizure and the right to an early post-deprivation hearing, the Court found that it failed the Matthews test.  Id. at 531.  The U.S. Supreme Court has established a long line of cases, both pre-and-post Matthews, overruling statutes because they lacked sufficient safeguards to protect individual's due process rights.  E.g., U.S. v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct 492, 126 L.Ed 490 (1993) (invalidating a federal government seizure of real

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 9

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

property due to its connection with a drug crime); <u>North Georgia Finishing Inc. v.</u>

<u>Di-Chem, Inc</u>., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975) (invalidating a

Georgia garnishment statute for lack of due process); <u>Fuentes v. Shevin,</u> 407 U.S.

67, 92 S.Ct. 1983, 32 L.Ed. 556 (1972) (overturning the prejudgment replevin laws

of Florida and Pennsylvania).

     Applying the <u>Matthews</u> test to the present case reveals that Spokane

County's booking fee policy and RCW 70.48.390 are constitutionally deficient in

that they allow the municipality to deprive individuals of an essential property

right without due process of law.  The first factor requires identification of the

nature and weight of the private interest affected by the official action challenged.

A person has a substantial property right in his or her personal money.  Perhaps no

other piece of property is more essential to providing basic food and shelter for

one's self and one's family.  Without money a person cannot pay his or her rent or

mortgage, purchase food, pay for gasoline or public transportation.  Under

Spokane County's booking fee policy, the jail's booking agent was able to empty

the Plaintiff's wallet, leaving the Plaintiff without recourse until he was able to

prove that the charges against him had been dropped or that he had been acquitted.

By that time it was too late as the damage had been done.  As the Court stated in

<u>North Georgia Finishing</u>, "…a bank account [is] surely a form of property…;" 419

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 10

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

U.S. at 606.  Surely, an individual's personal funds found in his or her wallet is equally important.

Several cases have found a protected property interest in both an inmate's funds voluntarily placed in a trust account and in the interest generated on those funds.   In <u>Tellis v. Godinez</u>, 5 F.3d 1314 (9th Cir. 1993), the Court held that an inmate had a recognizable property interest in the interest earned on the funds in his "personal property fund" and that the money earned must be credited to the fund.  The Ninth Circuit broadened the <u>Tellis</u> rule in <u>Schneider v. California Department of Corrections</u>, holding that there was a recognizable property interest in "all" of the interest earned on an inmate's trust account.  151 F.3d 1194, 1200-01 (9th Cir. 1998).  The Washington Supreme Court adopted a similar approach in <u>Dean v. Lehman</u>, 143 Wash.2d 12, 35-36, 18 P.3d 523, 536 (2001) (holding that an inmate possesses a property interest in the interest earned on his inmate trust account which cannot be taken without just compensation).

In each of the above cases the property was voluntarily placed in an inmate trust account.  Meanwhile, in this case, Plaintiff's property was taken from his person without consent and without even a modicum of a hearing.  Absent a hearing, an individual is without a chance to object to the taking of his property, nor is there a method of determining whether the money is being rightfully taken or is exempt in that it derives from public benefits or is the property of a third

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 11

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

party. Thus, a substantial risk exists that individuals, such as Mr. Huss, will be wrongly deprived of their property.

In consideration of the importance of the property interest which Mr. Huss and other individuals are deprived of through Spokane County's booking fee policy, we can look at the rules regulating collection on judgments and garnishment. Funds which derive from public benefits—SSA, SSI, and TANF—are exempt from garnishment because these funds are needed to provide the necessary life support for an individual and his/her family. 42 U.S.C. § 407; see also RCW 6.27.150 (exempting up to seventy-five percent of a persons income from garnishment; RCW 6.15.040 (exempting community property from garnishment). Under these provisions a person who is subject to collection under a judgment is protected in that he/she will not be left without the means to house and feed himself/herself and his/her family.

Spokane County did not consider any of this in regard to Mr. Huss. He was stripped of all of the money on his person, leaving him with nothing until his next paycheck. These statutes alone provide evidence of the substantial weight this Court should apply to Mr. Huss's property interest in his own money. Additionally, "[t]he duration of any potentially wrongful deprivation of a property interest is an important factor in assessing the impact of official action on the private interest involved." Redmond, 151 Wash.2d at 671, 91 P.3d at 879 (quoting

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 12

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

1    Mackey v. Montrym, 443 U.S. 1, 12, 99 S.Ct. 2612 (1979)).  Like in Redmond,

2    Spokane County's policy leaves the individual to his or her own devices in

3    requesting that their property be returned.  Id.  ("[t]he public is left to its own

4    devices to secure a timely hearing from a court to reverse the error.")  Pursuant to

5    Spokane County's booking fee policy and application of RCW 70.48.390, an

6    individual whose money has been unlawfully taken must petition the County and

7    prove that the charges against him have been dropped, or that he/ has been

8    acquitted in order to receive his property back.  This process could potentially take

9    months, especially if the case goes to trial.  Meanwhile, Spokane County is able to

10   receive the interest generated by the confiscated funds and no part of the statute

11   requires the return of such interest.  In analyzing a due process case, once a

12   protected property interest is found as is the case here, the Court must decide what

13   process is due as a matter of law.  Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.

14   1984); Belnap v. Chang, 707 F.2d 1100, 1002 (9th Cir. 1983).

15       The second Matthews factor is the risk of an erroneous deprivation of the

16   interest at stake through the procedures used and the probable value, if any, of

17   additional or substitute safeguards.  Redmond, 151 Wash.2d at 672, 91 P.3d at 879

18   (citing Warner v. Trombetta, 348 F.Supp. 1068 (M.D.PA. 1972), aff'd 410 U.S.

19   919, 93 S.Ct. 1392, 35 L.Ed.2583 (1973)).  The central holding in both Redmond

20   and Warner stressed that the "possibility exists that error in a conviction record

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 13

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

could result in the revocation of the license of an innocent motorist." Id.  Under

the situations posed in each case, the respective Courts found that the lack of

essential due process and the opportunity for some sort of meaningful hearing prior

to the revocation of an operator's license violated due process.

    As the statutes at issue in Warner and Redmond subjected the drivers to an

unreasonable risk of error, Spokane County's booking fee policy and RCW

70.48.390 also subject individuals to a deprivation of property without any due

process whatsoever.  Spokane County's policy of seizing cash for intake booking

fees violates Mr. Huss's right to use of his personal property.  First, it does not

provide him with an opportunity to object to the taking of his property and to assert

a reason, such as indigent status or its source as government benefits or any other

exemption outlined above, that would prevent the County from taking his money.

Second, the County does not provide any type of hearing prior to taking the

property and then places the burden on the individual (Mr. Huss) to get his money

back.  Third, there are no procedural safeguards guaranteeing that Mr. Huss's

property will be returned in the event that that he is not charged or is acquitted.

Thus, the risk of erroneously depriving an individual of his property is

unreasonably high.

    Finally, the third Matthews factor requires consideration of the State's

interest in the fiscal and administrative burden that additional or substitute

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 14

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

procedural requirements would entail.  <u>Nguyen v. Dep't of Health Med. Quality Assurance Comm'n</u>, 144 Wash.2d 516, 532, 29 P.3d 689 (2001).  In <u>Redmond</u>, the Court explained why a mandatory hearing was essential prior to depriving an individual of their driver's license: "[t]he hearing requirement is for the benefit of the few, [like Mr. Huss], who should not have had their money seized."  151 Wash.2d at 677, 91 P.3d at 882.  The fact that providing hearings for the several hundred thousand license suspensions each year would be expensive or onerous was not sufficient to create an exception to the hearing requirement.  <u>Id</u>.

In <u>U.S. v. Good</u>, the Court explained that "the purpose of an adversary hearing is to ensure the requisite neutrality that must inform all governmental decision making. That protection is of particular importance where … [as here] … the Government has a direct pecuniary interest in the outcome of the proceeding." 510 U.S. at 56-67 (citing <u>Hermelin v. Michigan</u>, 501 U.S. 957, 979 (1991) (opinion of Scalia, J) ("*it makes sense to scrutinize governmental action more closely when the State stands to benefit*") (emphasis added).  The Washington Supreme Court has reached a similar conclusion when analyzing a local government's right to violate individuals' constitutionally protected rights for the purpose of raising revenue:

> While local governments exist to provide necessary public services to
> those living within their borders and to avoid harms in their protection
> of the public's health, safety, and general welfare, exercise of this

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 15

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

authority must be reasonable and rationally related to a legitimate purpose of government such as avoiding harm or protecting health, safety and general, *not local or parochially conceived, welfare*.

Norco Const., Inc. v. King County,  97 Wash.2d 680, 685, 649 P.2d 103, 106 (1982) (citations omitted); see also Brower v. State, 137 Wash.2d 44, 58, 969 P.2d 42, 51 (1998) (holding that legislative rights of the people reserved in state constitutions are to be liberally construed in order to preserve them and render them effective).

The primary purpose of the booking fee policy is to raise revenue for the municipality.  Thus, the County's primary interest was in seizing Mr. Huss's property; it was less motivated to conduct the requisite evaluation that Mr. Huss's charges were dropped or that he was acquitted, and to refund his money as required by law.  Instead, Spokane County's official policy put the onus on Mr. Huss to have his money refunded.  Justice Scalia's advice rings true: where Spokane County stands to benefit from the taking, it is necessary to scrutinize the government's actions more closely and to require that the County wait until after an individual has been convicted before attempting to collect a booking fee.

The result of finding Spokane County and RCW 70.48.390 facially unconstitutional simply requires that the Defendant wait until the proceeding has been completed and a finding of guilt established prior to collecting a booking fee. This will not necessitate an additional hearing, nor will it deprive the County of

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 16

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

any money which it could have rightfully acquired from all those who were booked

and convicted.  Thus, the County's right to recoup its booking costs will only be

delayed—not destroyed.

Because the Washington Constitution provides greater protection of

individual rights than the Federal Constitution, this Court should apply a

correspondingly more protective analysis when considering legislation which

impacts these liberties.  <u>Compassion in Dying v. Washington</u>, 79 F.3d 790 (9th

Cir.1996).  The application of <u>Matthews</u> and <u>Redmond</u> to Spokane's ordinance and

RCW 70.48.390 shows that they are constitutionally defective because the County

fails to provide an adequate pre-deprivation hearing and keeps the money even

after the statute requires it to be sent to the last known address of the former

inmate.  Spokane County's policy of seizing cash for intake booking fees violates

Mr. Huss's and others similarly situated right to use of their personal property.

Therefore, Spokane County has violated Mr. Huss's due process rights under the

Federal Constitution.

C. **THE STATUTE AT ISSUE CONSTITUTES AN UNLAWFUL TAKING UNDER THE FIFTH AMENDMENT.**

Spokane County's ordinance constitutes an unlawful taking in violation of Mr.

Huss's Fifth Amendment rights.  The Fifth Amendment guarantees that "private

property [shall not] be taken for public use, without just compensation."  U.S.

CONST. amend. V; <u>Tellis v. Godinez</u>, 5 F.3d 1314, 1316 (9th  Cir. 1993) (citing

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 17

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 166, 101 S.Ct. 446, 450, 66 L.Ed. 2d 358 (1980)). The Takings Clause has long been held to apply to the States through the Due Process Clause of the Fourteenth Amendment. Chicago, Burlington & Quincy R.R. Co. v. City of Chicago, 166 U.S. 226, 239, 17 S.Ct. 581, 41 L.Ed. 979 (1897).

In order to state a claim under the Takings Clause, the Plaintiff must first demonstrate that he possesses a "property interest" that is constitutionally protected. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1000-01, 104 S.Ct. 581, 41 L.Ed 815 (1984). As was previously discussed, an individual has a clear property interest in his/her personal money. See p. 13 supra.

It is well established that an inmate has a property interest in his or her personal funds. See Tellis, Schneider, and Dean, p. 13 supra. Spokane County's booking fee policy and RCW 70.48.390 constitute an unlawful taking of an individual's personal property, including the actual funds taken and interest earned on such funds. In each of the cases mentioned above the respective Courts found that inmates had a property interest in the interest earned on money voluntarily deposited in their inmate trust accounts. Here, the money is not voluntarily placed in a fund; it is taken without notice and without an opportunity to contest the seizure. Furthermore, neither Spokane County nor RCW 70.48.390 establish a policy for refunding the interest earned on the funds. Thus, Spokane County's

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 18

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

official policy constitutes an unconstitutional taking in violation of Mr. Huss's

(and others similarly situated) sound constitutional rights under the Fifth

Amendment of the U.S. Constitution.

**D. DEFENDANTS ACTIONS WERE BASED ON AN ACCEPTED MUNICIPAL POLICY.  THIS POLICY WAS THE MOVING FORCE BEHIND THE DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS.**

Spokane County resolution 04-0160 and RCW 70.48.390 were the "moving

force of constitutional violation".  Monell v. Department of Social Services, 436

U.S. 658, 694 (1978); Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445,

454, 70 L.Ed.2d 509 (1981).  There must be a direct link between the municipal

policy or custom, and the alleged constitutional violation.  City of Canton v.

Harris, 489 U.S. 378, 385, 391, 109 S.Ct. 1197, 1203, 1206, 103 L.Ed.2d 412

(1989).  It is clear from the record that Mr. Huss's property was taken pursuant to

Spokane County Resolution 04-0160, which was passed in order to take booking

fees as authorized under RCW 70.48.390.

The Plaintiff's property was wrongfully taken from him without any pre-

deprivation hearing in violation of his clearly protected constitutional rights under

the Fourteenth Amendment and constitutes an unlawful taking under the Fifth

Amendment.  This is the type of blatant abuse of power that flies in the face of

clearly established Constitutional rights and is inappropriate for qualified

immunity.  Orin v. Barclay, 272 F.3d 1207 (9th Cir. 2001).  Even if the Defendants

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 19

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

claim that they acted in "good faith," Washington has rejected the "good faith" doctrine. The exclusion of this doctrine "serves not merely as a remedial measure for unconstitutional government actions, but rather to assure judicial integrity and preserve the individual's right to privacy." <u>State v. White</u>, 97 Wash. 2d 92, 109-10, 640 P.2d 1061 (1982). In this case, the Defendants had the opportunity and duty to diligently research the law prior to enacting its official booking fee policy. They failed to use reasonable diligence and their official policy and procedures disregard Mr. Huss's clearly established constitutional rights. This municipal policy was clearly the moving force which led Spokane County to deprive the Plaintiff of his constitutionally protected rights. Thus, because reasonable minds can only reach one conclusion, Spokane County is liable for its actions as a matter of law.

## IV.    CONCLUSION

Spokane County's official booking fee policy and RCW 70.48.390 are facially unconstitutional. This Court should hold Spokane County liable as a matter of law and grant the Plaintiff's motion for partial summary judgment.

Dated this 14th day of July, 2005.         CENTER FOR JUSTICE

<u>s/Breean L. Beggs</u>
WSBA 20795
35 W. Main, Suite 300
Spokane, WA 99201
E-Mail: <u>Breean@cforjustice.org</u>
Attorney for Plaintiff Shawn Huss

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 20

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 14, 2005, I presented the foregoing Plaintiff's Motion
for Partial Summary Judgment to the Clerk of the Court for filing and uploading to
the CM/ECF system which will send notification of such filing to the following:

3

4

5

Breean Lawrence Beggs  breean@cforjustice.org, dbacot@cforjustice.org.

6

James H. Kaufman          jkaufman@spokanecounty.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>s/Breean L. Beggs</u>
WSBA # 20795
Center for Justice
35 W. Main, Suite 300
Spokane, WA 99201
Telephone: (509) 835.5211
Fax: (509) 835.3867
E-Mail: <u>Breean@cforjustice.org</u>
Attorney for Plaintiff

PLAINTIFF'S MEMO IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT - 21

Center for Justice
35 West Main, Suite 300
Spokane, WA 99201
Phone: (509) 835-5211/Fax: (509) 835-3867