1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHAWN HUSS, a single man, and
others similarly situated,

                    Plaintiff,

         v.

SPOKANE COUNTY, a municipal
corporation,

                    Defendant.

No. CV-05-180-FVS

ORDER GRANTING MOTION FOR
RECONSIDERATION

**THIS MATTER** came before the Court for a hearing on the
Defendant's Motion for Reconsideration, Ct. Rec. 80, and the
Intervener Defendant's Motion for Reconsideration, Ct. Rec. 77.  The
Plaintiff was represented by Breean L. Beggs and John D. Sklut.
Spokane County was represented by Frank J. Conklin and James K.
Kaufman.  The State of Washington was represented by Timothy D. Ford.

**BACKGROUND**

     The Plaintiff, Shawn Huss, brings suit individually and on behalf
of a class of others similarly situated, under 42 U.S.C. §§ 1983 and
1988, seeking both monetary damages and declaratory and injunctive
relief.  The Plaintiff alleges that the official booking fee policy of
the Spokane County Jail ("the Jail") and RCW § 70.48.390 are facially
unconstitutional because they deprive persons of their property
without due process of law in violation of the Fourteenth Amendment of

ORDER GRANTING MOTION FOR RECONSIDERATION- 1

the United States Constitution.

The parties filed cross motions for summary judgment.  On August 29, 2006, the Court issued an Order holding that RCW § 70.48.390 is facially unconstitutional.  The Court accordingly granted the Plaintiff's Motion For Partial Summary Judgment and denied the Defendants' Motion for Summary Judgment (Ct. Rec. 75).  The County and State each separately moved for reconsideration.

**DISCUSSION**

**I.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a party may move to amend a judgment within ten days of the filing of the judgment.  Fed. R. Civ. P. 59(e).  However, such a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30 (3d ed. 2000)).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Carroll*, 342 F.3d at 945; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Nor is reconsideration to be used to ask the Court to rethink what it has already thought."  *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003).  *See also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988)(holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386,

1388 (9th Cir. 1985)(same).  Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law."  *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## II.  STANDING

As a jurisdictional issue, standing may be raised at any point in the litigation.  *DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1038 (9th Cir. 2006).  The Court accordingly considers the Defendant's standing concerns free of the procedural constraints associated with a motion for reconsideration.

A party has standing to bring a claim when he or she has suffered an actual injury, the defendant's conduct caused the injury, and action by the court is capable of redressing the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L. Ed. 2d 351, 364 (1992).  There is a presumption that an individual only has standing to bring claims based on injuries he or she has suffered personally, rather than injuries suffered by a third party. *Singleton v. Wulff*, 428 U.S. 106, 113, 96 S.Ct. 2868, 2873-2874, 49 L. Ed. 2d 826, 832-33 (1976).  Where an individual seeks to represent a class of individuals, the proposed class representative must have standing in his or her own right.  *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001); *Blum v. Yarestsky*, 457 U.S. 991, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982).

A plaintiff seeking declaratory or injunctive relief must

ORDER GRANTING MOTION FOR RECONSIDERATION- 3

demonstrate that he or she is under a realistic threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-103, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675, 684-685 (1983); *Jones v. City of L.A.*, 444 F.3d 1118, 1126 (9th Cir. 2006). While the fact that the plaintiff has suffered injury in the past may make the repetition of the injury more likely, it does not in itself create a threat of future harm sufficient to confer standing. *Armstrong*, 275 F.3d at 861; *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

A past injury is likely to recur when "the harm alleged is directly traceable to a written policy." *Armstrong*, 275 at 861; *Fortyune,* 364 F.3d at 1081. An injury is also likely to recur when it is a part of an officially sanctioned pattern of behavior. *Armstrong*, 275 at 861. However, a plaintiff seeking to challenge an unconstitutional policy must show "a genuine threat of enforcement" of the policy against the plaintiff. *Scott v. Pasadena Unified School District*, 306 F.3d 646, 656 (9th Cir. 2002). Moreover, "standing is inappropriate where the future injury could be inflicted only in the event of future illegal conduct by the plaintiff." *Armstrong*, 275 F.3d at 865-66 (internal citations omitted).

The Court finds that the Plaintiff does not have standing to seek declaratory or injunctive relief. As the Plaintiff explained at oral argument, the assessment of booking fees without any prior hearing is imminently likely to recur due to the existence of both the statute and the County's written policy. However, the Plaintiff has not demonstrated that he, personally, is likely to be arrested and

ORDER GRANTING MOTION FOR RECONSIDERATION- 4

assessed the booking fee again.  While he could arguably be arrested and assessed the booking fee at anytime, such a speculative injury is insufficient to confer standing.  *Lyons*, 461 U.S. at 105-06, 103 S. Ct. at 1667, 75 L. Ed. 2d at 687.  In order to demonstrate standing, the Plaintiff would need to show that he is at least "reasonably likely" to be arrested again.  *Jones v. City of L.A.,* 444 F.3d 1118, 1126-27 (9th Cir. 2006).  The Plaintiff has not made this argument.

In addition, the Plaintiff would likely only suffer the booking fee again if he were to engage in illegal activity.  In *Armstrong*, the Ninth Circuit held that parolees had standing to challenge discriminatory parole hearing procedures because,

> The [parole] Board is not required to establish probable cause to begin the parole revocation process, nor is it necessary that any law enforcement officer observe the alleged violation: the Board may start parole revocation proceedings when a rather low level of suspicion arises as the result of 'some minimal inquiry' into the facts of the case.

275 F.3d at 866.  In contrast, the Plaintiff may only be arrested again if law enforcement officers have probable cause to believe that he has committed a crime.  The Plaintiff will thus only suffer an injury again if he commits an illegal act.  This potential injury is insufficient to confer standing.

**III. MOOTNESS**

Under Article III of the United States Constitution, a federal court may only hear a cause of action that presents a live case or controversy.  When a case "loses its character as a live case or controversy," it becomes moot.  *Pit River Tribe v. United States Forest Serv.*, 469 F.3d 768, 780 (9th Cir. 2006).  "The burden of

ORDER GRANTING MOTION FOR RECONSIDERATION- 5

demonstrating mootness is a heavy one." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001). Mootness, like standing, goes to this Court's jurisdiction to hear the Plaintiff's claims. *DBSI/TRI*, 465 F.3d at 1038. The Court must therefore consider it on a motion for reconsideration.

The County argues that the Plaintiff's claim against the County is moot for two reasons. First, the Plaintiff received a refund of the booking fee he was obliged to pay. Second, the County has changed its policy concerning booking fees since the time of the Plaintiff's arrest.

The Court holds that the Plaintiff's case is not moot. As the Supreme Court has explained, the doctrine of mootness requires "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Here, the injury the Plaintiff suffered was not the permanent loss of his property, but rather the "right to use and possess [his] money from the time of booking until such time as [he was] exonerated." This loss has not been rendered moot by the refund.

Nor does the County's revision of its booking policy render the case moot. As the Plaintiff's counsel explained at oral argument, the County's policy still permits assessment of the booking fee without a hearing.

**CONCLUSION**

The Plaintiff lacks standing to bring a facial challenge against

ORDER GRANTING MOTION FOR RECONSIDERATION- 6

the constitutionality of RCW § 70.48.390 and the Jail's booking fee policy because he has failed to demonstrate that he is threatened with future injury.  While the Plaintiff may continue to pursue his claim for damages, his requests for declaratory and injunctive relief must be dismissed.  The Court's prior order granting summary judgment will be withdrawn and the State's motion for reconsideration is moot.

The Plaintiff's Motion for Partial Summary Judgment sought summary judgment on the issue of liability.  (Ct. Rec. 27 at 1.) However, the briefing on this motion almost exclusively addressed the Plaintiff's facial challenge to the constitutionality of RCW § 70.48.390 and the Jail's booking fee policy.  Neither party has fully briefed the issue of whether the application of RCW § 70.48.390 and the Jail's booking policy to the Plaintiff, and, potentially, other similarly situated individuals, violated their civil rights. Supplemental briefing is therefore necessary.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Reconsideration, **Ct. Rec. 80,** is **GRANTED.**

2. The Defendant Intervener's Motion for Reconsideration, **Ct. Rec. 77,** is **DENIED AS MOOT.**

3. The Defendant's Motion to Stay Further Discovery Until Reconsideration Motion is Determined, **Ct. Rec. 107,** is **DENIED AS MOOT.**

4. The Court's prior Order Granting Plaintiff's Motion for Partial Summary Judgment, **Ct. Rec. 75,** is **WITHDRAWN.**

5. The Plaintiff's claims for declaratory and injunctive relief are **DISMISSED.**

ORDER GRANTING MOTION FOR RECONSIDERATION- 7

6. The Plaintiff shall submit a supplemental brief, not to exceed **fifteen (15) pages** in length, no later than **5:00 p.m.** on **May 14, 2007,** addressing the question: "Is partial summary judgment appropriate on any element of the Plaintiff's suit for damages under 28 U.S.C. § 1983?"

7. The Defendant shall file its response to the supplemental briefing, not to exceed **fifteen (15) pages** in length, no later than **5:00 p.m.** on **May 29, 2007.**

8. The Plaintiff shall file his reply, not to exceed **fifteen (15) pages** in length, no later than **5:00 p.m.** on **June 5, 2007.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  13th  day of April, 2007.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER GRANTING MOTION FOR RECONSIDERATION- 8