UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHAWN HUSS, a single man and others similarly situated,

    Plaintiff,

v.

SPOKANE COUNTY, a municipal corporation,

    Defendant.

No. CV-05-0180-FVS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Reconsideration, Ct. Rec. 118. The Plaintiff is represented by Breean L. Beggs and John D. Sklut. The Defendant Spokane County is represented by Frank J. Conklin and James K. Kaufman. The State of Washington is represented by Timothy D. Ford.

As explained in the Court's prior Order Granting Motion for Reconsideration, Ct. Rec. 117, motions for reconsideration are a disfavored, extraordinary remedy that are only appropriate when new evidence has been discovered, the court has committed clear error, or there has been an intervening change in the controlling law. *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The Plaintiff contends that the Court committed clear error in finding that he lacks standing to pursue declaratory and injunctive relief. Specifically, the Plaintiff contends that he is likely to be

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION- 1

arrested again in the future without engaging in an illegal act. However, the Plaintiff could have raised this argument in response to the Defendant's motion for reconsideration and chose not to do so. As also stated in the Court's prior order, "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Even if the Plaintiff's argument were properly before the Court, the Plaintiff would nonetheless lack standing to seek declaratory or injunctive relief. A Plaintiff seeking declaratory or injunctive relief must show "a likelihood of substantial and immediate irreparable injury." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999). If he were to be arrested again, the greatest harm the Plaintiff could possibly experience would be the temporary loss of up to $89 while in jail. The interest accumulated on such a small amount would not be substantial. Without a showing of substantial loss, the interests of separation of powers counsels against federal injunctive action against state actors. *Id*. at 1042-43.

The Plaintiff further argues that the Court committed clear error in withdrawing its prior Order Granting Plaintiff's Motion for Partial Summary Judgment, Ct. Rec. 75, in its entirety. The original summary judgment order focuses on the Plaintiff's facial challenge and applies the *Matthews* balancing test to the general application of the statute, rather than to the Plaintiff's particular case. Moreover, the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION- 2

parties' arguments at summary judgment concerning the Plaintiff's as-applied challenge are interwoven with the parties' discussion of the facial challenge.  Separating the causes of action that the Plaintiff has standing to raise from those that he does not is an appropriate method of managing this litigation.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion for Reconsideration, **Ct. Rec. 118**, is **DENIED**.

2. The Defendant's Motion to Strike Declaration of Shawn Huss and Declaration of Happy Breithaupt, **Ct. Rec. 121**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  18th  day of June, 2007.

                              s/ Fred Van Sickle
                              Fred Van Sickle
                        United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION- 3