UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN HUSS, a single man, and others similarly situated, | |
| Plaintiff, | No. CV-05-0180-FVS |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |
| SPOKANE COUNTY, a municipal corporation, | |
| Defendant, | |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF WASHINGTON, | |
| Intervenor Defendant. | |

**BEFORE THE COURT** is Plaintiff's Motion to Certify a Class Action, Grant Approval of Notice to Class, and Appoint Class Counsel. (Ct. Rec. 94). Plaintiff is represented by Breean Beggs, Jeffry K. Finer and John D. Sklut. Defendant Spokane County is represented by Michael A. Patterson and James H. Kaufman. Timothy Ford represents the Washington State Attorney General.

I. **BACKGROUND**

Plaintiff, Shawn Huss, filed suit individually and on behalf of a class of others similarly situated, under 42 U.S.C. §§ 1983 and 1988, seeking both monetary damages and declaratory and injunctive relief.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 1

Plaintiff's second amended complaint, filed December 21, 2005, alleges that the booking fee policy of the Defendant Spokane County Jail ("the Jail"), as well as the underlying statute, RCW § 70.48.390, are facially unconstitutional in that they deprive individuals who are arrested of their property without due process of law.  (Ct. Rec. 61).

In May 1999, the Washington legislature passed RCW § 70.48.390, authorizing city, county, and regional jails to take a $10.00 booking fee from the person of each individual booked into jail.  In May 2003, the Washington legislature amended RCW § 70.48.390, allowing jails to require each person who is booked into jail to pay a fee based on the jail's actual booking costs or one hundred dollars, whichever is less.  The "fee is payable immediately from any money then possessed by the person being booked" into jail.  RCW § 70.48.390.

In accordance with RCW § 70.48.390, on or about February 24, 2004, the Spokane County Board of Commissioners passed Resolution 04-0160, which authorized the Jail to develop and implement a procedure to collect a fee from persons booked into jail.  On May 5, 2004, pursuant to Resolution 04-0160, the Jail adopted an official policy ("the Policy") authorizing the collection of a booking fee.  Under the Policy, federal inmates are charged the federal daily rate while non-federal inmates are charged the actual jail booking costs - - $89.12.  Pursuant to the statute, the Policy allows the fees to be taken directly from any funds in the person's possession at the time of booking.  If the person does not have adequate funds to cover the booking fee, a charge is assessed to the person's account.  The Policy does not provide for a pre-deprivation hearing or any other

opportunity for persons to contest the taking of their money.
Instead, the Jail adopted a separate reimbursement policy.  Under this
reimbursement policy, the individual is required to prove the charges
against him or her were dropped or that he or she was acquitted, and
then, upon investigation by the Jail Staff, the inmate may be
reimbursed for the intake fee.[1]

In the present case, Plaintiff was arrested based on a domestic
violence complaint and booked into the Jail on October 31, 2004.
Plaintiff's wallet was inventoried as personal property that would be
returned upon his release, but the Jail took all of the money from
Plaintiff's wallet ($39.30) as payment on the booking fee ($89.12).
The Jail did not inform Plaintiff he was being charged a booking fee,
that there was a reimbursement policy in place, or that the money was
required to be returned if his charges were dropped or he was
acquitted.  Plaintiff was released from jail the next day after all of
the charges were dropped.  Upon his release, his money was not
returned and he did not receive a copy of the Jail's reimbursement
policy.  The Jail eventually returned Plaintiff's money on February
23, 2005, approximately four months after the charges against him were
dropped, and after Plaintiff's lawyer sent a letter to Spokane County
stating that the Jail's booking fee policy was unconstitutional.

In January 2005, the Jail modified its forms and procedures
related to the collection of booking fees.  It is now a requirement

---

[1] The "Spokane County Jail Claim Form For Reimbursement of
Intake Fees" specifically states that the Jail staff will
investigate all claims and the decision to honor the claim is
based on that investigation.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 3

that each person booked into jail receive paperwork outlining methods for obtaining reimbursement.  Further, persons who are released and not charged within 72 hours, automatically, without request, have their booking fees returned if paid in part or in full.  The Jail also automatically voids any unpaid booking fee for all inmates who are found not-guilty, acquitted, or have their charges dismissed.

On August 29, 2006, the Court granted Plaintiff's motion for partial summary judgment, holding that RCW § 70.48.390 and the booking fees premised upon it are facially unconstitutional.  (Ct. Rec. 75 at 14-15).  Defendant, as well as the Intervenor, State of Washington, moved for reconsideration on the basis of a number of issues, including standing and mootness.  On April 13, 2007, the Court found that Plaintiff does not have standing to seek declaratory or injunctive relief, granted Defendant's motion for reconsideration, and withdrew its prior order.  (Ct. Rec. 117).  The Court directed the parties to submit supplemental briefing addressing the question: "Is partial summary judgment appropriate on any element of the Plaintiff's suit for damages under 28 U.S.C. § 1983?"  (Ct. Rec. 117 ¶ 6).

On October 12, 2007, after considering the parties' supplemental briefing, the Court granted Plaintiff's motion for partial summary judgment as to liability.  (Ct. Rec. 140).  The Court determined that Defendant is liable, under Section 1983, because the Jail's booking fee policy deprived Plaintiff, and others similarly situated, of property without due process of law.  (Ct. Rec. 140).  The Court set a briefing schedule regarding Plaintiff's Motion for Class Certification.  That matter is now before the Court.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 4

## II.  LEGAL STANDARD

### A.  Rule 23

In order to certify a case as a class action, the party seeking certification must satisfy the four prerequisites of Federal Rule of Civil Procedure 23(a) and demonstrate that certification is appropriate under one of the categories defined in Rule 23(b).  Fed. R. Civ. P. 23(a)-(b).  The party seeking certification bears the burden of proving that it has satisfied all of the necessary requirements.  *Dukes v. Walmart, Inc.*, 474 F.3d 1214 (9th Cir. 2007); *Zinser v. Accufix Research Inst.*, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

Certification is permitted under Rule 23(a) when: 1) class members are so numerous as to make joinder of all of them impractical ("numerosity"); 2) common issues of law or fact exist among class members ("commonality"); 3) the claims of the class representative are typical of the class ("typicality"); and 4) the class representative and class counsel will fairly and adequately represent the interests of absent class members ("adequacy of representation").  Fed. R. Civ. P. 23(a); *Stanton v. Boeing, Co.*, 327 F.3d. 938, 953 (9th Cir. 2003).

In the present case, Plaintiff seeks to certify a class under Rule 23(b)(3).  A class action may be maintained under Rule 23(b)(3) when two elements are satisfied.  First, questions of law and fact common to the class must predominate over individual issues ("predominance").  Second, the class-action mechanism must be superior to the other available methods of adjudication ("superiority").  *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 5

B.   **Scope of Review**

In ruling on a motion for class certification, a trial court must conduct a rigorous analysis to ensure that the requirements of Rule 23 have been satisfied. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740, 752 (1982).  While the Court may look beyond the pleadings in making this determination, certification is not the appropriate time to resolve the merits of the case. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 509 (9th Cir. 1992).  "It has long been recognized that arguments evaluating the weight of evidence or the merits of a case are improper at the class certification stage." *Dukes,* 474 F.3d 1214.  As a general rule, the trial court must accept the allegations of the complaint as true at this stage. *Jiminez v. Domino's Pizza, Inc.,* 238 F.R.D. 241, 246 (C.D. Cal. 2006); *LaCasse v. Wash. Mut., Inc.,* 198 F. Supp. 2d 1255, 1261 (W.D. Wash. 2002).

The depth of review and explication necessary to resolve class certification issues varies with the facts of the case. *Chamberlain v. Ford Motor Co.,* 402 F.3d 952, 961 (9th Cir. 2005).  Where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," an "almost conclusory" explanation may suffice. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir. 1998) (citing *General Telephone,* 457 U.S. at 160).

///

///

///

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 6

**III. DISCUSSION**

**A.   RULE 23(a)**

**1.   Numerosity**

A proposed class satisfies the numerosity prerequisite when class members are so numerous that joinder of all of them would be impractical.  Fed. R. Civ. P. 23(a)(1).  Joinder need not be impossible, only impractical.  *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998) (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964)).  The appropriateness of certification depends on the facts of the particular case rather than the existence of a particular minimum number of plaintiffs.  The party seeking certification need not identify the precise number of potential class members.  *Id*.

Plaintiff alleges that the proposed class includes "thousands of individuals" who had jail booking fees unlawfully taken without due process from May 5, 2004, to present (December 20, 2006).  (Ct. Rec. 143 at 7).  Generally, 40 or more members will satisfy the numerosity requirement.  *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995).  The Court finds that Plaintiff has satisfied numerosity.

**2.   Commonality**

A proposed class satisfies the commonality prerequisite when "there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2).  The commonality requirement has been liberally construed.  *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).  Class members need not share all factual or legal issues

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 7

in order to satisfy the commonality requirement.  Rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon*, 150 F.3d at 1019.

While Defendant asserts that Mr. Huss has "little if anything in common with the diverse groups he seeks to represent" (Ct. Rec. 141 at 10), the undersigned does not agree.  Here, all proposed class members have common underlying facts and legal theories.  Each had their due process rights violated by the Jail depriving them of their property, pursuant to the Jail's booking fee policy, without being provided proper notice or a pre-deprivation hearing.  A "common nucleus of operative facts" is usually enough to satisfy the commonality requirement.  *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992).  The Court concludes that Plaintiff has satisfied commonality.

### 3.    Typicality

A proposed class representative satisfies the typicality prerequisite when the claims of the class representative are typical of the class.  Fed. R. Civ. P. 23(a)(3).  A representative's claims are typical of the class when they are "reasonably co-extensive with those of absent class members; they need not be identical."  *Mendoza v. Zirkle Fruit Co.*, 222 F.R.D. 439, 445 (E.D. Wash. 2004) (quoting *Hanlon*, 150 F.3d at 1020).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fernandez v. Dep't of Soc. & Health Servs.*, 232 F.R.D. 642, 645 (E.D.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 8

Wash. 2005) (quoting *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001)).

Like all proposed class members, Mr. Huss experienced a deprivation of property, pursuant to the Jail's booking fee policy, without due process.  Although Mr. Huss later had his money returned to him,[2] it does not change the fact that the Jail took his property without due process.  The proposed class members were harmed by the same course of conduct, and the injury of the proposed representative, Mr. Huss, is similar to those of the proposed class members.  The Court finds that the proposed class representative is typical of the class.

### 4.   Adequacy of Representation

A proposed class representative satisfies the adequacy of representation prerequisite when the proposed representative will adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  In making this determination, a trial court should make two inquiries.  First, the Court should determine whether either the representative or the representative's counsel have any conflicts of interest with the class.  Second, the Court should consider whether the representative will "prosecute the action vigorously on behalf of the class." *Fernandez*, 232 F.R.D. at 645 (citing *Hanlon*, 150 F.3d at 1020).

---

[2]The fact that damage claims will vary among members of the class does not defeat typicality.  Typicality may exist even though "there is a disparity in the damages claimed by the representative parties and the other members of the class."  7A Charles A. Wright, et al., Federal Practice and Procedure § 1764, at 235-236, 241 (1986).

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 9

Defendant has not demonstrated a conflict between Mr. Huss and any proposed members of the class, nor has Defendant provided argument with respect to whether Mr. Huss will vigorously prosecute this matter.  Representation is deemed adequate if the named plaintiffs and their attorneys do not have conflicts with absent members and they will prosecute this action vigorously on behalf of the entire class. *Hanlon*, 150 F.3d at 1020.  The Court finds that the class representative, Mr. Huss, and counsel will "fairly and adequately" protect the interests of all members in the class.  Fed. R. Civ. P. 23(a)(4).

Based on the foregoing analysis, the undersigned concludes that the prerequisites of Rule 23(a) are satisfied in this case.  However, in order to obtain certification of a class under Rule 23, the moving party must establish not only that the putative class satisfies all four requirements of section (a), discussed above, but also that it fits within at least one of the categories specified in section (b). *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981).

**B.    RULE 23(b)(3): Common Questions of Law or Fact Predominate**

Fed. R. Civ. P. 23(b)(3) permits a class action if common questions of law or fact predominate over an individual's questions:

> . . . the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 10

Therefore, to bring an action under Rule 23(b)(3), first, common questions of law or fact must predominate over the individual issues presented in the dispute. Next, it must be shown that class treatment is a superior form of relief, considering the four criteria listed in Rule 23(b)(3).

### 1. Predominance

Certification under Rule 23(b)(3) is appropriate when common questions predominate over individual issues among class members. Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests whether a proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem*, 521 U.S. at 624. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Zinser*, 253 F.3d at 1189.

All potential class members were booked into the Jail and were deprived of their property without due process pursuant to the Jail's booking fee policy. The Court has determined that Defendant is liable for this constitutional deprivation to "Plaintiff and other similarly situated individuals". (Ct. Rec. 140 at 13). Common questions of law and fact exist to the entire class and thus predominate in this matter. In fact, Defendant appears to concede that the "'taking' issue" does not seem to vary. (Ct. Rec. 141 at 13). Although Defendant appears to allege that the issue of damages presents an individual issue (Ct. Rec. 141 at 14), it is well established that individual damage issues generally do not defeat predominance. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 494 (C.D.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 11

Cal. 2006) (collecting cases).  The Court finds that Plaintiff has satisfied the predominance requirement.

### 2.    Superiority

Certification under Rule 23(b)(3) is appropriate when adjudicating the case as a class action would be superior to other methods of adjudication.  In determining whether a class satisfies the superiority requirement, the trial court should compare the class action mechanism to the potential mechanisms for resolving the case. *Hanlon,* 150 F.3d at 1023.  The court should also consider "whether the objectives of the particular class action procedure will be achieved in the particular case." *Id.* (citing Wright & Miller, Federal Practice & Procedure § 1779).

The only alternative to class certification in this case would be individual actions.  Individual actions would squander judicial time and resources to no purpose.  It is also likely, as observed by Plaintiff, that the small claims of the proposed class members would prevent them from seeking individual relief.  Moreover, Defendant fails to contest the issue of superiority.  The Court finds that Plaintiff has satisfied the superiority requirement.

## IV.   THE PROPOSED CLASS

### A.   Standing

Defendant asserts that Mr. Huss does not have standing to challenge the booking procedure of absent class members who were not booked into the Jail for domestic violence, for those booked into the Jail following the policy change on January 5, 2005, and for those whose booking fees have not been returned.  (Ct. Rec. 141 at 4-5).

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 12

In the context of a class action, the individual class representative must have standing to bring the claims he seeks to assert on behalf of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674, 682 (1974). A party has standing to bring a claim when he or she has suffered an actual injury, the defendant's conduct caused the injury, and action by the court is capable of redressing the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L. Ed. 2d 351 (1992).

The reason an individual is booked into the Jail is of no significance to the actual deprivation of property, without due process, which occurs upon the collection of a booking fee. A later refund does not distinguish members of the class, except with respect to potential damages. The 2005 revised policy also does not distinguish members of the class, for although the new policy mandates that booking fees shall be automatically returned to persons not charged within 72 hours, it still deprives individuals booked into the Jail of their property without due process. Mr. Huss, similar to all potential class members, was deprived of property without due process. It has been found by this Court that Defendant is liable, under Section 1983, for this deprivation. (Ct. Rec. 140). The Court finds that Mr. Huss has standing to represent the proposed class.

**B.  Defined**

A class proposed under Rule 23(b)(3) must be sufficiently well defined so that the Court may provide individual notice to all members who can be identified through reasonable effort. *Mendoza*, 222 F.R.D. at 442. A class does not have to be defined with precision at the

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 13

outset.    7A C. Wright et al., Federal Practice & Procedure § 1760, at

117 (2d ed. 1986).    The test is whether the description of the class

is "sufficiently definite so that it is administratively feasible for

the court to determine whether a particular individual is a member."

*Id*. at 121.

Plaintiff's proposed class consists of all individuals who were

assessed a booking fee at the Spokane County Jail in violation of

their constitutionally protected rights.    On December 20, 2006,

Plaintiff requested that the class be certified as "the class of all

persons deprived of their property without due process of law through

the mandatory collection of a jail booking fee by the Spokane County

Jail from May 5, 2004 through the present [December 20, 2006]."    (Ct.

Rec. 94-2 at 2).    This request is consistent with the allegations

described in Plaintiff's second amended complaint.    (Ct. Rec. 61).

Defendant argues that, should the Court grant Plaintiff's motion

for class certification, the class should be limited only "to those

people who were booked into Spokane County Jail prior to January 5,

2005 and who were never charged with a crime and released within 72

hours or less and who allege significant impact such as Mr. Huss has."

(Ct. Rec. 141 at 16).

Defendant essentially contends that all individuals should be

excluded from the proposed class unless their situation mirrors that

of Mr. Huss.    The Court finds this argument unpersuasive.    A class

representative's claims need not be identical with those of absent

class members.    *Mendoza v*, 222 F.R.D. at 445.    As previously

determined by this Court, "[u]nder the Defendant's booking fee policy,

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 14

everyone who is arrested is deprived, at least temporarily, of the use of their property." (Ct. Rec. 140 at 8). The Constitutional violation at issue in this case occurs following an arrest for any matter and at the moment of the taking without due process. It would be inappropriate to narrow the proposed class to only include members who encountered the exact circumstances as Mr. Huss.

Accordingly, the Court finds that the class shall be certified as follows:

> The class of all individuals, from May 5, 2004 to December 20, 2006, who were deprived of their property pursuant to the booking fee policy of the Spokane County Jail without being provided the constitutionally guaranteed due process of law.

The Court finds this class is clear and precise and appropriate given the facts and allegations in this case.

**V.    CLASS COUNSEL**

A Court that certifies a class must appoint class counsel. Fed. R. Civ. P. 23(g)(1)(A). In evaluating Plaintiff's motion, the Court has considered the following factors to the extent they are reflected in the record: "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action," "counsel's knowledge of the applicable law," and "the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C). Having considered these factors, the Court is satisfied that Plaintiff's counsel of record will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B). Accordingly, it is ordered that Plaintiff's counsel of record shall serve as class counsel in this matter.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - 15

**VI.    CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.    The Plaintiff's Motion For Class Certification (**Ct. Rec. 94**) is **GRANTED.**

2.    This action shall proceed as a class action on behalf of a class consisting of all individuals, from May 5, 2004 to December 20, 2006, who were deprived of their property pursuant to the booking fee policy of the Spokane County Jail without being provided the constitutionally guaranteed due process of law.

3.    Shawn Huss shall serve as the class representative.

4.    Attorneys for the Center for Justice, Breean L. Beggs, Jeffry K. Finer and John D. Sklut, shall serve as counsel for the class.

5.    A telephonic scheduling conference in this matter shall be held on August 26, 2008, at 11:00, by the parties calling the Court's conference line at 509-458-6382.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___25th___ day of August, 2008.

_____s/Fred Van Sickle_____
Fred Van Sickle
United States District Judge